09-4839-ag
Ye v. Holder

BIA
A077 353 715

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20ᵗʰ day of July, two thousand ten.

PRESENT:
        REENA RAGGI,
        RICHARD C. WESLEY,
        GERARD E. LYNCH,
            *Circuit Judges*.
_____

CHANG JU YE,
      *Petitioner*,

      v.                  09-4839-ag
                               NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent*.
_____

FOR PETITIONER:      Fuhao Yang, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Carl H. McIntyre, Assistant Director; Justin R. Markel, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Chang Ju Ye, a native and citizen of the People's Republic of China, seeks review of an October 29, 2009, order of the BIA denying his motion to reopen. *In re Chang Ju Ye*, No. A077 353 715 (B.I.A. October 29, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation if the alien establishes materially "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not abuse its discretion in finding that the birth of Ye's two U.S. citizen children and his participation in the China Democracy Party ("CDP") reflected

changes in his personal circumstances and rather than changed country conditions in China. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006) (making clear that the time and numerical limitations on motions to reopen may not be suspended because of a "self-induced change in personal circumstances" that is "entirely of [the applicant's] own making after being ordered to leave the United States"). The BIA also did not abuse its discretion in concluding that the documentary evidence Ye submitted did not meaningfully demonstrate that conditions in China have changed. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315,342(2d Cir. 2006); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Contrary to Ye's argument, the record does not compellingly suggest that the BIA failed to consider any material evidence. *See Xiao Ji Chen*, 471 F.3d at 337 n.17 (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). Rather, the BIA properly declined to credit Ye's unsworn and unauthenticated evidence based on the Immigration Judge's underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143,

3

146-49 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk